UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

TIFFANY J. PAULK,
    Plaintiff,

vs.                                    Case No.:  3:22cv24982/MCR/ZCB

SERGEANT SESSLER et al.,
    Defendants.
                                 /

### REPORT AND RECOMMENDATION

Plaintiff is incarcerated in the Florida Department of Corrections (FDOC). She filed a *pro se* complaint under 42 U.S.C. § 1983 and a motion to proceed *in forma pauperis*. (Docs. 1, 2). Upon review of Plaintiff's complaint, the undersigned recommends this case be transferred to the United States District Court for the Middle District of Florida.[1]

### I.   Background

Plaintiff is suing the FDOC and two FDOC correctional officers employed at the Reception and Medical Center in Lake Butler, Florida. (Doc. 1 at 1-2).[2] Plaintiff

---

[1] This case was referred to the undersigned for the issuance of all preliminary orders and any recommendations regarding dispositive matters.  *See* N.D. Fla. Loc. R. 72.2(C); see also 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b).

[2] The Court refers to the page numbers automatically assigned by the Court's electronic filing system.

1

alleges Defendants were deliberately indifferent to her health and safety when Defendants Sergeant Sessler and her unidentified co-worker directed her to board a transport van without assistance in the parking lot of Jacksonville Memorial Hospital on January 22, 2021. (*Id.* at 2-5). Plaintiff alleges she fell while boarding the van and suffered injury to her head. (*Id.*). Plaintiff seeks monetary damages and injunctive relief. (*Id.* at 6).

## II.   Discussion

Venue for actions under § 1983 is governed by 28 U.S.C. § 1391(b), which provides:

> A civil action may be brought in (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

*Id.* When a civil action is brought in the wrong (or an inconvenient) forum, the district court may *sua sponte* transfer it to the proper or more appropriate forum. *See* 28 U.S.C. § 1404(a) ("For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."); *see also* 28 U.S.C. § 1406(a) ("The district court of a district in which is filed a case laying venue in the wrong division or

2

district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."). Before proceeding with the dismissal or transfer, the Court should provide the parties with notice and an opportunity to be heard.[3] *Tazoe v. Airbus S.A.S.*, 631 F.3d 1321, 1336 (11th Cir. 2011).

The events or omissions giving rise to Plaintiff's claims occurred in the Middle District of Florida, and Defendants allegedly reside there (Jacksonville Memorial Hospital and the FDOC's Reception and Medical Center are located in the Middle District).[4] The following considerations pertinent to the private interests of the parties weigh in favor of transfer to the Middle District: "the relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive." *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 n.6 (1981) (cleaned up). The following public

---

[3] This report and recommendation, and Plaintiff's opportunity to object to is, satisfies this requirement. *See Nalls v. Coleman Low Fed. Inst.*, 440 F. App'x 704 (11th Cir. 2011).

[4] For venue purposes, the FDOC resides in any judicial district in which it is subject to the Court's personal jurisdiction with respect to the civil action in question. 28 U.S.C. § 1391(c)(2).

3

factors also weigh in favor of transfer: the "local interest in having localized controversies decided at home" and "the unfairness of burdening citizens in an unrelated forum with jury duty." *Id.* The more appropriate and convenient forum for litigation of Plaintiff's claims is the Middle District of Florida.

### III.   Conclusion

For the convenience of the parties and the public, and in the interest of justice, the undersigned respectfully **RECOMMENDS** that:

1. This case be **TRANSFERRED** to the United States District Court of the Middle District of Florida.

2. The Clerk of Court close this case.

At Pensacola, Florida this 28th day of December 2022.

/s/ *Zachary C. Bolitho*
Zachary C. Bolitho
United States Magistrate Judge

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u> An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**